# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| **REAL PROPERTY LOCATED** | ) |
| **AT 305 COWAN TERRACE,** | ) |
| **BROWNSVILLE, CAMERON COUNTY,** | ) |
| **TEXAS,** | ) |
| | ) |
| **Defendant in rem** | ) |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture in rem, pursuant to Rule G, Supplemental Rules of Federal Rules of Civil Procedure, and alleges upon information and belief:

## I.
## NATURE OF THE ACTION

1. This action is brought by the United States of America seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6) and (7), of the real property described below as:

    a. Real Property Located and Situated at 305 Cowan Terrance, Brownsville, Cameron County, Texas, (hereinafter the "Defendant Property Cowan") with all buildings, appurtenances, and improvements thereon, and any and all surface and sub-surface rights, title, and interests, more fully described as follows:

    A 0.980 Acre Tract designated as Private Playground, Block Three (3), Resaca Gardens Subdivision, Section III, Cameron County, to the Map or Plat Thereof Recorded in Volume 22, Page 36, of the Map Records of Cameron County, Texas.

## II.
## JURISDICTION AND VENUE

2. Under Title 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over Defendant Property Cowan under Title 28 U.S.C. §§ 1355(b) and 1395. Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to Title 28 U.S.C. § 1355(b)(1)(B) and 1395(b), because the Respondent Real Property is located in this District.

## III.
## STATUTORY BASIS FOR FORFEITURE

3. This is a civil forfeiture action *in rem* brought against Defendant Property Cowan, which is subject to forfeiture under:

   a. 21 U.S.C. 881(a)(6), which provides for the forfeiture of "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq*.], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq*.]."

   b. 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957, or 1960, or any property traceable to such property. Under

2

18 U.S.C. § 1956(a)(1)(B)(i), it is unlawful for a person to conduct or attempt to conduct a financial transaction with proceeds of a specified unlawful activity knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity or to avoid a transaction reporting requirement under federal or state law. It is a violation of 18 U.S.C. § 1957 for a person to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that is derived from specified unlawful activity. The felonious sale of controlled substances constitutes a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(A), which incorporates 18 U.S.C. § 1961(1)(D).

## IV.
## FACTS IN SUPPORT OF FORFEITURE

4. Juan De Dios Gomez Gonzalez (hereinafter Gomez-Gonzalez) conspired to launder proceeds from illegal narcotics distribution and to distribute controlled substances in the Southern District of Texas between 2009 and 2023. Gomez-Gonzalez was the head of the Gomez-Gonzalez Drug Trafficking Organization ("DTO") and was responsible for importing large quantities of cocaine from Mexico into the United States and transporting illegal drug proceeds from the United States into Mexico. Gomez-Gonzalez was directly responsible for managing and overseeing the DTO's activities up until his death in September 2023.

5. As the DTO's top leader, Gomez-Gonzalez oversaw the collection and preparation of thousands of kilograms of cocaine in Mexico and arranged to have the drugs smuggled into the United States by the DTO's couriers, who smuggled the drugs using either tractor trailers or passenger vehicles. After coordinating the importation of cocaine into the United States, Gomez-Gonzalez directed DTO members to coordinate the logistics of storing the cocaine in the DTO's stash houses in Brownsville, Texas, and transporting the drugs to the DTO's distributors and customers throughout Texas and elsewhere in the United States, including California, Nevada, North Carolina, Indiana, and Florida.

6. Gomez-Gonzalez operated multiple businesses to further the DTO's drug-distribution activities and launder the drug proceeds. Gomez-Gonzalez owned the El Paisano Hotel in Matamoros, Tamaulipas, Mexico, which Gomez-Gonzalez used as a meeting location to plan the DTO's activities, as a receipt point for bulk cash obtained from the sale of drugs, and to launder the DTO's drug proceeds. Gomez-Gonzalez funded the purchase and operation of a car lot located on 3rd Street in Matamoros, Tamaulipas, Mexico, which was used as a location to store and transfer drugs being sent into the United States and as a storage location and receipt point for bulk cash obtained from the sale of drugs. Gomez-Gonzalez also operated a construction company, Palmas Construction, which he funded with drug proceeds and used to launder drug proceeds.

7. As a result of his participation in the DTO's activities, Gomez-Gonzalez was indicted in the Southern District of Texas, Brownsville Division, for narcotics violations under 21 U.S.C. §§ 841 and 846, as well as money-laundering violations under 18 U.S.C. § 1956.

Gomez-Gonzalez was killed in Mexico during a shootout before he could be arrested and extradited to the United States.

8. The Defendant Property Cowan was purchased by Gomez-Gonzalez and his wife, Maria Guadalupe Ramos Castro ("Ramos-Castro") on February 1, 2013, for $330,000. Defendant Property Cowan is titled in the names of Gomez-Gonzalez and Ramos-Castro.

9. After their purchase of Defendant Property Cowan, Gomez-Gonzalez and Ramos-Castro made substantial improvements to Defendant Property Cowan. Gomez-Gonzalez used Palmas Construction, an entity funded by drug proceeds and used to launder drug proceeds, to perform many of those improvements. The improvements made to Defendant Property Cowan included but were not limited to: construction and installation of a pool, construction and installation of a pool house, and aesthetic renovation of the residence.

10. Gomez-Gonzalez originally entered the United States as a B1/B2 visa holder with no legal status to reside and work in the United States until he adjusted status in 2012 to become an E2 treaty investor. Additionally, a search for employment records for Gomez-Gonzalez and Ramos-Castro did not return any records or show any reported income for either individual. In 2015, Gomez-Gonzalez fled the United States to Matamoros, Mexico after he became aware that he was the subject of a drug investigation. Gomez-Gonzalez later fled Matamoros, Mexico, to Guadalajara, Mexico, due to problems with the Gulf Cartel relating to his drug trafficking.

11. During the drug and money laundering conspiracy, stretching from purchase of the Defendant Property Cowan until the death of Gomez-Gonzalez, Defendant Property Cowan was purchased, maintained, and improved with proceeds of illegal drug distribution

and was involved in money laundering. Specifically, the purchase of, maintenance of, and improvements made to, Defendant Property Cowan were funded, either in part or in whole, by drug proceeds obtained from Gomez-Gonzalez's involvement in distribution of drugs through the DTO and money involved in money laundering through the above-described businesses and schemes.

## IV.
## CONCLUSION

12. The Defendant Property Cowan is subject to forfeiture under 21 U.S.C. § 881(a)(6) as property traceable to proceeds of drug trafficking and under 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering in violation of 18 U.S.C. § 1956 and/or § 1957.

### NOTICE TO ANY POTENTIAL CLAIMANTS

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property Cowan, which is subject to forfeiture, and wish to contest the forfeiture, you must file a verified claim fulfilling the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at the United States Courthouse, 600 E. Harrison St., Brownsville, TX 78520, and a copy must be served upon the undersigned Assistant United States Attorney at the United States Attorney's Office, 800 N. Shoreline Blvd., Suite 500, Corpus Christi, TX 78401.

**PRAYER**

Wherefore, the United States prays that judgment of forfeiture be entered against Defendant Property Cowan in favor of the United States of America under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A), in addition to such costs and other relief t which the United States may be entitled.

          Respectfully submitted,

          NICHOLAS J. GANJEI
          UNITED STATES ATTORNEY

By:   *s/ Tyler Foster*
       TYLER FOSTER
       Assistant United States Attorney
       Southern District of Texas No: 3802443
       Oklahoma:  34839
       800 N. Shoreline Blvd., Suite 500
       Corpus Christi, Texas 78401
       Tel. (361) 888-3111     Fax (361) 888-3200
       Email: tyler.foster2@usdoj.gov

## **VERIFICATION**

I, Jason Broughton, a Special Agent with Homeland Security Investigations, assigned to the San Antonio District Office, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in Paragraphs 4 through 11 of the Factual Basis in the forgoing Complaint for Forfeiture in Rem are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __5th__ day of ____March_____ 2025.

_____
Jason Michael Broughton
Special Agent
Homeland Security Investigations