UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-052 |
| | § | |
| REAL PROPERTY LOCATED AT 305 | § | |
| COWAN TERRACE, BROWNSVILLE, | § | |
| CAMERON COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

In this *in rem* proceeding, Plaintiff United States of America ("Government") moves for default judgment against Defendant Real Property Located at 305 Cowan Terrace, Brownsville, Cameron County, Texas ("305 Cowan Terrace" or "Property") and requests a final order of forfeiture in Plaintiff's favor. For the following reasons, the Court concludes that Plaintiff is entitled to the relief that it requests.

## I.

The United States seeks *in rem* forfeiture under 21 U.S.C. §§ 881(a)(6) and (7), and 21 U.S.C § 981(a)(1)(A). Those statutes provide for forfeiture of "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq*.], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [the Controlled Substances Act., 21 U.S.C. § 801, *et seq*.,]" *see* 21 U.S.C. §§ 881(a), and "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 [of Title 18] or any property traceable to such property." 21 U.S.C § 981(a)(1)(A). Sections 1956 and 1967 make it unlawful to conduct a financial transaction with

proceeds of a specified unlawful activity (including distribution of narcotics) knowing that the transaction is designed in whole or part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity, *see* 18 U.S.C. § 1956, and to engage in monetary transactions of greater than $10,000 using proceeds derived from specified unlawful activity. *See* 18 U.S.C. § 1957.

In its Complaint, the United States alleges that the Property was purchased in 2013 and later improved by Juan De Dios Gomez Gonzalez and his wife, Maria Guadalupe Ramos Castro, using proceeds from unlawful activity under the Controlled Substances Act. (Compl., Doc. 1, ¶¶ 9, 11)  It states that Gomez "was the head of the Gomez-Gonzalez Drug Trafficking Organization" which was "responsible for importing large quantities of cocaine from Mexico into the United States and transporting illegal drug proceeds from the United States into Mexico." (Compl., Doc. 1, ¶¶ 4)  It further alleges that "Gomez-Gonzalez was directly responsible for managing and overseeing the DTO's activities up until his death in September 2023[,]" and that he "operated a construction company, Palmas Construction, which he funded with drug proceeds and used to launder drug proceeds." (Compl., Doc. 1, ¶¶ 4–6)

The United States later indicted Gomez in the Southern District of Texas for narcotics and money-laundering offenses, in violation of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 1956. (Compl., Doc. 1, ¶ 7)  But "before he could be arrested and extradited to the United States[,]" Gomez "was killed in Mexico during a shootout[.]" (*Id.*)

## II.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED R. CIV. P. 55(a).  After the entry of default, a court shall enter judgment upon affidavit of the amount due if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. FED. R. CIV. P. 55(b).

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)).  The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009).

After the entry of default, the plaintiff must move for default judgment. FED. R. CIV. P. 55(b)(2).  Default judgment is proper if the plaintiff's well-pleaded factual allegations establish a valid cause of action. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment.").  When considering a motion for default judgment, a court accepts a plaintiff's well-pleaded factual allegations as true. *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).  A "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

### III.

Applying these principles to the current matter, the Court concludes that Plaintiff is entitled to default judgment.

For a court to enter a default judgment in an *in rem* forfeiture action, the complaint must satisfy the pleading requirements of Supplemental Rule G to the Federal Rules of Civil Procedure. *United States v. Real Prop. Located at 14301 Gateway Blvd. W., El Paso Cnty. Tex.*, 123 F.3d 312, 313 (5th Cir. 1997) (noting that the United States must comply strictly with the Supplemental Rules).  Under that rule, a plaintiff must file a verified complaint that states specific requirements, including: the grounds for subject-matter jurisdiction, grounds for in rem jurisdiction over the defendant property, and venue; description the property with reasonable particularity; identification of the statute(s) under which the forfeiture action is brought; and detailed factual

allegations to support a reasonable belief that the United States will be able to meet its burden of proof at trial. FED. R. CIV. P. G(2).

The Court finds that the United States has satisfied each of these conditions. Its Complaint is verified, and states: the Court retains jurisdiction under 28 U.S.C. § 1355(a); the Court retains *in rem* jurisdiction over the Property under 28 U.S.C. § 1355(b); a description of the property with reasonable particularity, that the Government seeks forfeiture under 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6) and (7), and detailed facts to support its burden of proof. (*See* Compl., Doc. 1)

Under Rule G(3), the United States must also satisfy the requirements of 18 U.S.C. § 985 when the property subject to forfeiture is real property. That statute requires the Government to publish notice of the forfeiture and serve notice on the property owner.

In particular, Section 985 requires that the government publish notice that: describes the property with reasonable particularity; states the time by which the potential claimant must file a claim and answer; and names the government attorney to be served. The notice must be published publicly. As relevant to the present case, the United States may accomplish this by "posting a notice on an official internet government forfeiture site for at least 30 consecutive days." FED. R. CIV. P. G(4)(a)(iv)(C). Here, the United States published notice on its forfeiture website with the required content for at least 30 days. (*See* Notice of Publication, Doc. 9, 3–4)

After receiving notice, three claimants have made filings indicating they have resolved their claims to the Property. Counsel for Cameron County, Texas, the Brownsville Independent School District, South Texas Independent School District of Brownsville, the Brownsville Navigation District, Cameron County Drainage District #1, and Texas Southmost College (the "Taxing Authorities") disclaimed any interest in the Property or knowledge of any other person or entity with a financial interest in the Property. (*See* Certificate of Interested Persons, Doc. 6) But the Taxing Authorities later asserted an interest deriving from *ad valorem* taxes, penalties, and

interest related to the Property. (Stipulation, Doc. 13)  The Taxing Authorities later indicated they had resolved their interest in the Property and are unopposed to forfeiture. (Motion, Doc. 19)

In September 2025, Jessica Barriento asserted an interest in the Property. (Claim to Res, Doc. 17)  In October 2025, Nicholas Vela asserted an interest in the Property. (Claimant's Answer to Verified Complaint, Doc. 18)  The parties later agreed that Vela possess a valid claim in the amount of $150,000, and as part of the agreement, Vela withdrew his claim to the Property. (Stipulation, Doc. 25)  Barrientos later assigned her interest in the Property to Vela, and withdrew her interest in the Property. (Mot. to Withdraw, Doc. 26; *see also* Barrientos Aff., Doc. 28)

The government also identified Maria Guadalupe Ramos Castro as a potential claimant living outside of the United States. (*See* Certificate of Interested Parties, Doc. 4)  Supplemental Rule G requires "the government to send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government[.]" FED. R. CIV. P. G(4)(b).  That notice must include relevant filing deadlines and response times.  *See* FED. R. CIV. P. G(4)(b)(ii).  When the potential claimant to a property resides outside of the United States, that statute requires service pursuant to Federal Rule of Civil Procedure 4. *See* 18 U.S.C. § 985(c)(2)(B).  Under Rule 4(f)(1), the United States may serve an individual residing in a foreign country through an internationally agreed means of service. FED. R. CIV. P. 4(f)(1).

The United States satisfied its obligations under the Federal Rules of Civil Procedure and 18 U.S.C. § 985 as to Ramos.  It served Ramos through the Mutual Legal Assistance Cooperation Treaty with Mexico, an internationally agreed means of service.  *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988) (describing international service requirements under the Hague Service Convention).  And it provided direct notice to Ramos regarding deadlines and response times. (*See* Certificate of Service, Doc. 23)  Through these steps, the United States satisfied Rule G.

5 / 6

Supplemental Rule G also requires that the United States provide a potential claimant at least 35 days after the notice is sent to file a responsive pleading. *See* FED. R. CIV. P. G(5)(a)(ii)(A); FED. R. CIV. P. G(4)(b).  The United States sent notice to Ramos when she was served on July 21, 2025.  (*See* Certificate of Service, Doc. 23)  Under Rule G(5), Ramos had 35 days to file a responsive pleading.  That deadline passed on August 25, 2025.  To date, Ramos has made no filing in this case.  As a result, the United States has complied with its notice obligations as to Ramos, and there are no outstanding claimants in this matter aside from the United States.

Accordingly, on April 1, 2026, the Clerk's Office entered default judgment. (*See* Clerk's Entry of Default, Doc. 27).

## IV.

Based on the record and the applicable law, the Court concludes that the United States has demonstrated its entitlement to a default judgment.  As a result, it is:

**ORDERED** that Plaintiff United States of America's Motion for Default Judgment and Entry of Final Order of Forfeiture (Doc. 31) is **GRANTED.**

The Court will separately issue a Default Judgment and Final Order of Forfeiture in accordance with this Order.

Signed on May 5, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge